**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRANDON ALEXANDER BRICENO PERNIA,

Petitioner,

v.

Case No. 2:26-cv-03221-MIS-JHR

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Brandon Alexander Briceno Pernia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 28, 2026. The federal Respondents[1] responded on October 7, 2026 ("Response"). ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will GRANT Petitioner's Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Venezuela who lawfully entered the United States on a B1/B2 Visa on or about May 23, 2016. Pet. at 9. Since then, Petitioner has resided peacefully within the United States, with no criminal history. Id. at 3. He was granted temporary protected status on or about October 13, 2024. Id. at 15. Nevertheless, on December 17, 2025, Petitioner was placed in custody by U.S. Immigration and Customs Enforcement ("ICE") and has been in immigration detention ever since. Id. at 2. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. On January 21, 2026, Petitioner received a bond hearing, at which the Immigration Judge determined he was a danger to the community because he admitted to transporting noncitizens for a fee, and a flight risk because of his nine-year visa overstay. See Case No. 2:26-cv-00876-DHU-LF ("Briceno Pernia I"), ECF No. 6-7.

On March 23, 2026, Petitioner filed a habeas petition ("initial petition") alleging that his bond hearing was not constitutionally adequate. Briceno Pernia I, ECF No. 1. On June 25, 2026, Petitioner filed an Amended Reply to his initial petition, arguing that his prolonged detention, at that point more than six months in length, then violated his substantive due process rights. Briceno Pernia I, ECF No. 9 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). On August 17, 2026, United States District Judge David H. Urias denied the initial petition, finding that Petitioner had received a bond hearing and thus was not entitled to relief under Santillan-Quiroz v. Mullin, 180 F. 4th 1226 (10th Cir 2026). Briceno Pernia I, ECF No. 12 at 3. Judge Urias further found that Petitioner's prolonged detention did not violate due process because his removal order was not yet administratively final, as was the case in Zadvydas; but did not consider whether indefinite, prolonged detention in other contexts, such as after a bond hearing pursuant to § 1226, could violate Petitioner's Fifth Amendment due process rights. Id. at 3-4.

On September 29, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) or Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687 88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues, inter alia, that prolonged detention, now approaching ten months, violates his substantive due process rights under the Fifth Amendment in that removal in the reasonably foreseeable future is unlikely. Pet. at 8. He seeks immediate release from detention. Id. In response to the Petition, Respondents argue only that Petitioner's second habeas petition is precluded by 28 U.S.C. § 2244(b). This argument is shocking in two respects. First, the Tenth

Circuit has squarely held, and this Court repeatedly has reminded them of that holding, that § 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees. Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010); Moh v. Mullin, No. 2:26-CV-02672-MIS-JMR, 2026 WL 2592914, at *2 (D.N.M. Sep. 2, 2026); Hernandez Mora v. Warden, No. 2:26-CV-01742-MIS-KRS, 2026 WL 1735104, at *1 (D.N.M. June 16, 2026); Khan v. Current Sec'y of Dep't of Homeland Sec., No. 2:26-CV-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026). Second, Petitioner asserts his detention is prolonged and that removal in the reasonably foreseeable future is unlikely, an assertion the Court directed Respondents' attention to in the Order to Show Cause, directing them to show cause whether Mardanpour required relief, a question Judge Urias did not address.[2] The Respondents have not responded to this assertion, relying solely on their erroneous assertion that § 2244 bars the second petition.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to

[2] To the extent the Petitioner does again assert that the bond hearing was constitutionally inadequate, the Court would reject such arguments for the reasons set forth in Castellano Lago v. De Anda-Ybarra, No. 2:26-CV-02784-MIS-GBW, 2026 WL 2982907, at *2-3 (D.N.M. Oct. 5, 2026).

the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention now approaching ten months, with no reasonably foreseeable end in sight,[3] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-

[3] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. Although the "typical remedy" for "unlawful executive detention" is release from custody, Munaf v. Geren, 553 U.S. 674, 693 (2008), here the record in the instant case and in Briceno Pernia I establishes Petitioner admitted to transporting noncitizens for a fee, though Respondents do not raise this a basis to continue Petitioner's prolonged detention. The Court finds, based on this record, a potentially legitimate interest in Petitioner's continued detention exists. Therefore, the Court grants habeas relief in the form of a bond hearing, consistent with the limitations described in Zadvydas v. Davis, 533 U.S. 678 (2001), related to indefinite civil detention,[4] by a neutral Immigration Judge to determine whether Petitioner presents a danger to the community or a flight risk.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

[4] In such circumstances, the Supreme Court held that "preventing flight" is a "weak or nonexistent" basis to justify further detention. Id. at 690. Similarly, Zadvydas held that dangerousness as a basis for indefinite civil detention has been upheld "only when limited to specially dangerous individuals and subject to strong procedural protections." Id. at 690-91.

2. Respondents are **ORDERED** to provide Petitioner Brandon Alexander Briceno Pernia a bond hearing, consistent with the limitations described in Zadvydas v. Davis, within seven (7) days, at which the Government bears the burden of proof and must prove by clear and convincing evidence that Petitioner poses a flight risk or danger to the community;

3. In the event the Government fails to meet its burden, bond **SHALL** be set at an amount Petitioner can reasonably afford;

4. If the Government fails to hold a bond hearing within seven (7) days, Petitioner **SHALL** be released;

5. If Petitioner is released as a result of the bond hearing or failure to hold a bond hearing within seven (7) days, Petitioner **SHALL NOT** be re-detained unless Petitioner commits a crime or absconds, or unless a final order of removal is entered in which case Petitioner may be detained pursuant to 8 U.S.C. § 1231(a)(2)(A); and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE